UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**ANN C. JONES,**                                              Chapter 13
   Debtor                                              Case No. 07-15662-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

**I. INTRODUCTION**

The matter before the Court is the "Objection to Claim filed by Carrington Mortgage" filed by the Debtor, Ann C. Jones (the "Debtor"). On August 29, 2008, the Court heard the Debtor's Objection and the Response filed by Carrington Mortgage Services, LLC ("Carrington"), as "Successor to New Century Mortgage Corporation." At the hearing, the parties agreed to the submission of numerous documents. Additionally, they agreed that their pleadings could be construed as cross-motions for summary judgment in this contested matter. *See* Fed. R. Bankr. P. 9014(c). Neither party called witnesses or requested an evidentiary hearing. The issue presented is whether Carrington established its standing to file a proof of claim in the sum of $393,211.09, either as the successor servicer for

1

Deutsche Bank National Trust Company, as Indenture Trustee for New Century Home Equity Loan Trust 2005-2, or as the current holder of the mortgage executed by the Debtor in favor of Ameripath Mortgage Corporation ("Ameripath"). The Court makes the following findings of fact and rulings of law in accordance with Fed. R. Bankr. P. 7052 and Fed. R. Bankr. P. 9014(c).

**II. FACTS**[1]

The parties submitted a Joint Pre-Trial Memorandum in which they agreed to the following facts. On February 11, 2005, the Debtor executed an adjustable rate note in the original principal amount of $335,500,[2] as well as a mortgage in favor of Ameripath secured by her multi-family property located at 114 Radcliffe Street, Dorchester, Massachusetts.

---

[1] For ease of reference, a timeline is set forth as an exhibit to the Court's decision.

[2] The note provided for an initial 7.1% rate of interest and a monthly payment of $2,254.67. On Schedule I-Current Income of Individual Debtor(s), the Debtor disclosed that she is an employee of the Registry of Motor Vehicles with monthly income of $3,0666 (net $2,074), which she supplements with income from her rental property in the sum of $1,200 and social security income of $796 for her disabled son. On Schedule J-Current Expenditures of Individual Debtor(s), the Debtor set forth monthly expenditures of $3,848, excluding a monthly mortgage payment, resulting in net income of $222. Assuming the interest rate applicable to the Debtor's mortgage obligation did not adjust, her annual mortgage obligation, excluding the payment of insurance and taxes, would be $27,048, compared with her annual income of $48,840 ($44,941 per Form 22C), an obligation which would consume 55.38% of her income. The interest rate applicable to her note had the potential to adjust as high as 14.1%. Pursuant to her Chapter 13 plan, filed on September 24, 2007, the Debtor proposed to pay no mortgage arrears, and to sell the Radcliffe Street property "as soon as practicable, but in no event more than three months after confirmation." The Debtor subsequently filed a Second Amended Chapter 13 plan, proposing to cramdown the mortgage, fixing the interest rate at 7.1% and paying $1,500 per month toward the claim, amortized over 30 years.

On February 15, 2005, Ameripath assigned the note to New Century Mortgage Corporation. Carrington attached a copy of the assignment of the note to its proof of claim.

On April 22, 2005, New Century Mortgage Corporation, as Master Servicer, New Century Home Equity Loan Trust 2005-2, as Issuer, and Deutsche Bank National Trust Company, as Indenture Trustee, executed a Servicing Agreement. The Servicing Agreement identified New Century Mortgage Securities LLC as the Depositor who would acquire "Mortgage Loans" pursuant to the terms of a Mortgage Loan Purchase Agreement. New Century Mortgage Securities LLC, as Depositor, was also charged with creating New Century Home Equity Loan Trust 2005-2 (the Issuer) and with transferring the Mortgage Loans and all of its rights under the Mortgage Loan Purchase Agreement to the New Century Home Equity Loan Trust 2005-2 (the Issuer) in exchange for certificates issued by New Century Home Equity Loan Trust 2005-2. New Century Home Equity Loan Trust 2005-2, in turn, was obliged to issue and transfer to, or at the direction of, the Depositor (New Century Mortgage Securities LLC) the Trust Certificates, Series 2005-2. Additionally, pursuant to the terms of an Indenture dated April 22, 2005 between New Century Home Equity Loan Trust 2005-2 and Deutsche Bank National Trust Company, as Indenture Trustee, New Century Home Equity Loan Trust 2005-2 was obliged to pledge the Mortgage Loans and issue and transfer to, or at the direction of, the Purchaser various asset backed notes identified by series and class.[3] Finally, New Century Mortgage Corporation was to

---

[3] The term "Purchaser" was not defined and the identity of the Purchaser was not specifically disclosed in the Servicing Agreement.

service the Mortgage Loans set forth on the Mortgage Loan Schedule, which was attached to the Service Agreement as Exhibit A, either directly or through one or more Sub-Servicers. The Servicing Agreement filed with the Court indicated that the actual schedule of mortgages was "filed in paper pursuant to a continuing hardship exemption available pursuant to "Rule 202 fo Regulation S-T."

The Servicing Agreement executed on April 22, 2005 incorporated by reference the Indenture and its definitions, which were contained in an appendix to the Indenture identified as Appendix A. Neither the Indenture nor Appendix A were submitted into evidence. The Mortgage Loans which New Century Mortgage Securities LLC, as Depositor, transferred to Deutsche Bank National Trust Company as Indenture Trustee, supposedly were included on a Schedule A, which, as noted above, was not attached to the Servicing Agreement filed with the Court. Moreover, because the Indenture was not filed with the Court, the Court does not have a definition of what constitute "Mortgage Loans."

On August 31, 2005, four months after the execution of the Servicing Agreement and related Indenture, Ameripath recorded with the Suffolk County Registry of Deeds an assignment, dated August 24, 2005, "without recourse in any event said mortgage [from Ann C. Jones] and the note and claim secured thereby to Deutsche Bank National Trust Company, as Indenture Trustee for New Century Home Equity Loan Trust 2005-2 c/o New Century Mortgage Corporation. That document contains a purported assignment of the mortgage, as well as the note executed by the Debtor, to Deutsche Bank as Indenture Trustee for New Century Home Equity Loan Trust 2005-2, although the parties agreed that

4

the note had been assigned on February 15, 2005 by Ameripath to New Century Mortgage Corporation.

On October 24, 2005, Deutsche Bank National Trust Company, as Indenture Trustee for New Century Home Equity Loan Trust 2005-2, claiming to be the holder of a mortgage covering the Radcliffe Street property, recorded notice that it had filed a complaint in the Land Court, Department of the Trial Court, for authority to foreclose the Debtor's mortgage, "now held by Plaintiff by assignment."

On December 15, 2006, approximately 14 months after Deutsche Bank, as Indenture Trustee for New Century Home Equity Loan Trust 2005-2, recorded notice of its intent to foreclose, and approximately 16 months after Ameripath assigned the mortgage to Deutsche Bank National Trust, as Indenture Trustee for New Century Home Equity Loan Trust 2005-2, New Century Mortgage Corporation recorded an assignment in the Land Court pursuant to which Ameripath assigned the Debtor's mortgage to it, although there was no mention in the assignment of New Century Mortgage Corporation's role as Master Servicer under the Servicing Agreement dated April 22, 2005 or of New Century Mortgage Services LLC.

The parties also agreed to introduce into evidence an order issued by the United States Bankruptcy Court for the District of Delaware pertaining to the sale of New Century Mortgage Corporation's mortgage servicing rights.  The Court takes judicial notice that New Century Mortgage Corporation filed a Chapter 11 bankruptcy petition on April 2, 2007.  Its case is jointly administered with those of 14 affiliates under the lead case of New

Century TRS Holdings, Inc., whose affiliates include NC Capital Corporation, which together with its affiliates, was referenced in ¶ 2.03 of the Servicing Agreement.

Two days after the commencement of the bankruptcy cases, New Century TRS Holdings, Inc. and its affiliates filed an emergency motion in connection with the proposed sale of certain mortgage loan servicing assets to Carrington. In its emergency motion, it represented the following:

> The Debtors' Servicing Business is among the most substantial of the Debtors' operations being offered for sale, as loan servicing has been and remains a very important and profitable part of the Debtors' businesses. The Debtors presently service approximately $19 billion of loans owned by third parties. The Debtors' mortgage servicing rights ("MSRs") are generally established in servicing contracts with securitization trusts or third party whole loan purchasers. For performing these functions, the servicer (usually NCMC [New Century Mortgage Corporation]) generally receives a servicing fee, one-twelfth of which is paid monthly, or 0.05% per annum of the outstanding principal balance of each loan in the mortgage servicing portfolio. These servicing fees are typically collected from the monthly payments made by the borrowers on the loans. In addition, the Debtors receive remuneration for loan servicing including float benefits representing interest earned on collection accounts where mortgage payments are held pending remittance to investors, as well as mortgagor-contracted fees such as late fees and, in some case, prepayment penalties.
>
> ***
>
> . . . Carrington and its affiliates own the primary interests in 12 securitization trusts established from 2004-2006 (the "Carrington Securitization Trusts") which hold approximately $8.6 billion of mortgage loans that the Debtors originated and sold to these securitization trusts. NCMC is the servicer of the mortgage loans held in the Carrington Securitization Trusts; so, the Carrington Securitization Trusts provide a significant portion of the revenue realized by the Debtors' Servicing Business.

On May 23, 2007, the United States Bankruptcy Court for the District of Delaware entered the order referenced above, captioned "Order Pursuant to Sections 105, 363 and

365 of the Bankruptcy Code and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure Approving (i) the Sale of Debtors' Servicing Business to Carrington Capital Management, LLC and Carrington Mortgage Services, LLC pursuant to the Second Amended and Restated Asset Purchase Agreement, dated as of May 21, 2007, Free and Clear of Liens, Claims, Encumbrances, and Interests, and (ii) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases to Carrington as part of Such Sale." The May 21, 2007 Agreement referenced in the caption of the order listed 28 so-called RMBS [residential mortgage-backed securities] Transactions, including New Century Home Equity Loan Trust Series 2005-2.

On April 16, 2008, following the sale of New Century Mortgage Corporation's servicing rights to Carrington, Deutsche Bank National Trust Company executed a Limited Power of Attorney. It provided in pertinent part:

> Pursuant to that New Century Home Equity Loan Trust 2005-2, Servicing Agreement dated as of April 22, 2005 (the "Agreement") by and between and [sic] Deutsche Bank National Trust Company and Carrington Mortgage Services, LLC as successor Servicer to New Century Mortgage Corporation (the "Servicer") hereby constitutes and appoints the Servicer, by and through the Servicer's officers, the Trustee's true and lawful Attorney-in-Fact, in the Trustee's name, place and stead and for the Trustee's benefit, in connection with all mortgage loans serviced by the Servicer pursuant to the Agreement solely for the purpose of performing such acts and executing such documents in the name of the Trustee necessary and appropriate to effectuate the following enumerated transactions in respect of any of the mortgages or deeds of trust . . . and promissory notes secured thereby . . . for which the undersigned is acting as Trustee for various certificateholders (whether the undersigned is named therein as mortgagee or beneficiary or has become mortgagee by virtue of endorsement of the Mortgage Note secured by any such Mortgage or Deed of Trust) and for which Carrington Mortgage Services, LLC is acting as Servicer.

In the Limited Power of Attorney, Deutsche Bank National Trust Company did not grant Carrington authority to execute assignments of mortgages, except in connection with the repurchase of mortgage loans or upon payment and discharge of the mortgage.

The final document submitted by the parties was an Assignment dated July 18, 2008. Pursuant to that Assignment, New Century Mortgage Corporation, as the holder of the Debtor's mortgage, assigned the mortgage to Carrington Mortgage Services, LLC.

The Debtor filed her voluntary Chapter 13 petition on September 7, 2007, after the bankruptcy court authorized sale of New Century Mortgage Corporation's servicing rights to Carrington, but before the execution of the Limited Power of Attorney and the July 18, 2008 assignment.

## III. DISCUSSION

The Court recently addressed the issue of standing to file both a proof of claim and a motion for relief from the automatic stay in In re Hayes, __ B.R. __, No. 07-13967-JNF, 2008 WL 3870820 (Bankr. D. Mass. Aug. 19, 2008). The Court shall not repeat that discussion here and, instead, incorporates its discussion herein. Id. at *5-*7.

Pursuant to Fed. R. Bankr. P. 3001(f), "[a] proof of claim executed and filed in accordance with the Federal Rules of Bankruptcy Procedure constitutes prima facie evidence of the validity and amount of the claim." *See* In re Long, 353 B.R. 1, 13 (Bankr. D. Mass. 2006). *See also* Juniper Dev. Group v. Kahn ( In re Hemingway Transp., Inc.), 993 F.2d 915, 925 (1st Cir. 1993). An objecting party, in order to rebut the prima facie validity of the proof of claim must produce "substantial evidence," and, if the objecting party

8

produces substantial evidence in opposition to the proof of claim, rebutting the prima facie evidence, the burden shifts to the claimant to establish the validity of its claim.  See Long, 353 B.R. at 13 (citations omitted).

In this case, the evidence submitted by the parties in the form of various documents supports the Debtor's position that Carrington, either as servicer for Deutsche Bank National Trust, as Indenture Trustee under the New Century Home Equity Loan Trust 2005-2, or on its own behalf lacked standing to file a proof of claim.  Although Carrington established that it is the successor to New Century Mortgage Corporation as Servicer of the of the New Century Home Equity Loan Trust 2005-2 as a result of the May 23, 2007 order of the United States Bankruptcy Court for the District of Delaware, the Court finds that it failed to establish that the Debtor's mortgage actually was part of the New Century Home Equity Loan Trust 2005-2, or that Ameripath's assignment of the mortgage on August 24, 2005 to Deutsche Bank National Trust as Indenture Trustee for New Century Equity Loan Trust 2005-2 was a nullity.  Absent an assignment from Deutsche Bank back to Ameripath, Ameripath's purported assignment of the mortgage to New Century Mortgage Corporation, which was recorded on December 15, 2006, was ineffective to convey an interest it no longer had.  Moreover, the defect was not cured by the July 2008 assignment of the mortgage by New Century Mortgage Corporation to Carrington.

The creation of the New Century Home Equity Loan Trust on April 22, 2005 preceded the August 24, 2005 assignment of the mortgage on the Radcliffe Street property from Ameripath, the original holder, to Deutsche Bank National Trust Company, as

9

Indenture Trustee for New Century Home Equity Loan Trust 2005-2. The Servicing Agreement dated April 22, 2005 referenced the transfer of "Mortgage Loans" to the New Century Home Equity Loan Trust 2005-2, by New Century Mortgage Securities LLC, but the Court was not provided with a definition of the term "Mortgage Loans" and, thus, cannot conclude whether those loans included the Debtor's mortgage. The evidence established that the note relating to the mortgage on the Radcliffe Street property was assigned by Ameripath to New Century Mortgage Corporation on February 15, 2005, but the assignment of the mortgage from Ameripath to Deutsche Bank National Trust Company post-dated the creation of the New Century Home Equity Loan Trust 2005-2. Further, the Court was not provided with Exhibit A to the Servicing Agreement, and there is no evidence that either the Debtor's mortgage was part of the securitization trust or subsequently added to the trust res pursuant to the terms of the Indenture. Moreover, because New Century Mortgage Securities LLC, as the Depositor under that trust, not New Century Mortgage Corporation, was obligated to transfer "Mortgage Loans" to Deutsche Bank National Trust Company as Trustee of the New Century Home Equity Loan Trust 2005-2, it would appear that an assignment of the mortgage from Ameripath or New Century Mortgage Corporation to New Century Mortgage Securities LLC may have been required to establish an accurate chain of ownership of the mortgage. The documents submitted by the parties, including the Limited Power of Attorney and assignments made in December of 2006 and July of 2008, failed to cure the defects outlined above.

## IV. CONCLUSION

Upon consideration of the foregoing, the Court grants the Debtor's motion for summary judgment and denies Carrington's motion for summary judgment. The Court sustains the Debtor's objection to the proof of claim. Pursuant to 11 U.S.C. § 502(j),"[a] claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case." Thus, if and when the chain of ownership of the mortgage executed by the Debtor on February 11, 2005 can be conclusively established, the appropriate party may file an amended proof of claim.

By the Court,

Joan N. Feeney
United States Bankruptcy Judge

Dated: October 3, 2008
cc: David G. Baker, Esq., Jessica Rodger, Esq., Carolyn Bankowski, Esq.

## EXHIBIT A - TIMELINE

| | |
|---|---|
| February 11, 2005 | Debtor executed Note and Mortgage to Ameripath Mortgage Corporation |
| February 15, 2005 | Ameripath Mortgage Corporation assigned Debtor's Note to New Century Mortgage Corporation |
| April 22, 2005 | New Century Mortgage Corporation, as Master Servicer, Deutsche Bank National Trust Company, as Indenture Trustee, and New Century Home Equity Loan Trust 2005-2, as Issuer, executed a Servicing Agreement for New Century Home Equity Loan Trust 2005-2 regarding certain Mortgage Loans purportedly attached on a schedule as Exhibit A |
| August 24, 2005 | Ameripath Mortgage Corporation assigned Debtor's note and mortgage to Deutsche Bank National Trust Company, as Indenture Trustee for New Century Home Equity Loan Trust 2005-2 |
| October 24, 2005 | Deutsche Bank National Trust Company, as Indenture Trustee for New Century Home Equity Loan Trust 2005-2 recorded notice of complaint to foreclose Debtor's mortgage |
| December 15, 2006 | New Century Mortgage Corporation recorded an assignment of Debtor's mortgage from Ameripath Mortgage Corporation to New Century Mortgage Corporation |
| April 2, 2007 | New Century Mortgage Corporation filed Chapter 11 petition in District of Delaware |
| May 21, 2007 | Carrington Mortgage Services LLC executed agreement to purchase servicing assets of New Century Mortgage Corporation and its affiliates |
| May 23, 2007 | United States Bankruptcy Court for the District of Delaware entered order approving sale of New Century Mortgage Corporations's servicing business to Carrington Mortgage Services, LLC and Carrington Capital Management, LLC. |

| | |
|---|---|
| September 7, 2007 | Ann C. Jones filed Chapter 13 petition in District of Massachusetts |
| September 28, 2007 | Carrington Mortgage Services, LLC, as successor to New Century Mortgage Corporation, filed secured proof of claim for $393,211.09 in Ann C. Jones's Chapter 13 case |
| April 16, 2008 | Deutsche Bank National Trust Company, as Indenture Trustee, executed Limited Power of Attorney to New Century Mortgage Corporation |
| July 18, 2008 | New Century Mortgage Corporation assigned Debtor's mortgage to Carrington Mortgage Services, LLC |